UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JAMIE BAILEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:24-cv-00133 |
| | ) |
| **TIFFANY WILLIAMS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Jamie Bailey, a convicted inmate currently housed at the Trousdale Turner Correctional Facility in Hartsville, Tennessee, has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 8). He has also filed a supplement to the Complaint. (Doc. No. 7).

The case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 8) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the

2

Case 3:24-cv-00133   Document 11   Filed 03/19/25   Page 2 of 8 PageID #: 42

Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

On October 9, 2001, Plaintiff killed his estranged girlfriend and two men he believed were involved with her and, when confronted by police, shot himself in the head.[2] This complaint concerns ongoing medical needs related to his gunshot wound. Plaintiff names five defendants:

---

[2] Plaintiff pleaded guilty in Dyer County and was sentenced to three concurrent life sentences. *See Bailey v. State*, No. 2010 WL 1730011, *1 (Tenn. Crim. App. Apr. 29, 2010).

3

Tiffany Williams (health services representative), Logan Edwards (family nurse practitioner), Tony Parker (TDOC Commissioner), Bert Boyd (Warden, Northeast Correctional Complex), and Dr. Kevin Kelly.

On an unspecified date, Plaintiff was transported to the Vanderbilt University Medical Center where Dr. Kelly surgically implanted a "very hard plastic plate" into Plaintiff's head to cover the area of his forehead where the bullet exited. (Doc. No. 1, at 6) The plate was intended to protect Plaintiff's brain from future trauma. (Id.) The plate, however, had to be removed because the area became infected. (Id. at 8) Some time later, Dr. Kelly again surgically placed a plate in Plaintiff's forehead. (Id.) This second operation proved unsuccessful and the plate was removed after not healing properly. (Id.)

Plaintiff was told that "a third very hard plastic plate would be placed into my head with a third operation, six months later." (Id.) Plaintiff maintains that he still has not received a third operation. (Id.) Because Plaintiff fails to specify when any of the operations occurred, the Court cannot ascertain how long Plaintiff has been waiting for a third operation.

Plaintiff explains that he named former Tennessee Department of Corrections Commissioner Tony C. Parker and former warden at the Northeast Correctional Complex Bert Boyd as defendants because "both were in office at the time that these procedures had taken place." (Id. at 9) Other than describing Dr. Kelly's treatment, Plaintiff does not make specific allegations against him, nor does he make specific allegations against defendants Logan Edwards or Tiffany Williams. Instead, he seeks the following general relief:

> I would like for the medical issues which I have that can be corrected, to be corrected, and that all of the individuals which I am filing [this]lawsuit against, to pay one point three million dollars over pain and suffering and also to be allowed to have the individuals which I am filing these lawsuits over or with, to be brought back in front of civil prosecutors, so that I can obtain additional monetary funding in the future years or time to come[.]

4

(Dkt. No. 1, at 9)

Several months after filing his Complaint, Plaintiff filed a "Civil 'Medical Malpractice'" complaint. (Dkt. 7, at 1) This pleading essentially summarizes the state court criminal case and lists the defendants named in this action but makes no specific allegations against any defendant. Plaintiff closes the pleading by stating "I was under the impression that once I was in the Tennessee Department of Correction[s'] custody, that my medical issues that could be corrected would be corrected, but so far, 'April 17, 2024,' to no avail." (Id. at 2)

**C. Analysis**

1. Supervisory Liability Claims – Defendants Parker and Boyd

Plaintiff's claims against Defendants Parker and Boyd are based solely on their supervisory positions. "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Supervisory liability will not be established "unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." Ibid. (citation and quotation marks omitted); see also Frazier v. Michigan, 41 F. App'x 763, 764 (6th Cir. 2002) (requiring a section 1983 plaintiff to plead personal involvement by defendants in the constitutional violations). Plaintiff's claim that Parker and Boyd were in office at the time his surgeries occurred fails to allege any personal involvement, encouragement, or approval of unconstitutional conduct. Thus, Plaintiff fails to state a claim against these Defendants.

2. Defendants Williams and Edwards

The Court finds that Plaintiff fails to satisfy the minimum pleading requirements as to Defendants Williams and Edwards. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. Fed. R. Civ. P. 8(a); see also Bell Atlantic

5

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. See Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); Griffin v. Montgomery, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (unpublished table decision) (requiring allegations of personal involvement against each defendant).

Here, Plaintiff fails to make any specific allegations against Williams or Edwards. Indeed, other than naming them as defendants, he fails to make any specific reference to their particular involvement in his case. Accordingly, the Court concludes that Plaintiff fails to satisfy the minimum pleading requirements as to these defendants.

    3. Eighth Amendment Claim

A "prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). An Eighth Amendment deliberate indifference claim has an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2002). The objective component considers whether the prisoner faced a risk of sufficiently serious harm. Farmer, 511 U.S. at 834. The subjective component, on the other hand, generally asks: "Did the official know of and disregard the serious medical need?" Phillips v. Tangilag, 14 F.4th 524, 535 (6th Cir. 2021). The defendant must have had a "sufficiently culpable state of mind." Griffith v. Franklin County, 975 F.3d 554, 567 (6th Cir. 2020) (quotation marks and citation omitted).

6

Construing Plaintiff's factual allegations in his favor, he asserts a serious medical need which he claims have been deliberately disregarded. But Plaintiff has not sufficiently alleged that a particular defendant engaged in unlawful behavior. Where a claim is subject to dismissal because it does not contain "sufficient factual matter, accepted as true," to plausibly claim relief against a proper defendant, Hill, 630 F.3d at 470–71, the Court may grant leave to amend to allow Plaintiff an opportunity to supply the clarifying information. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). The Court will exercise its discretion to take that approach in this case. Plaintiff will thus be allowed an opportunity to present additional factual allegations against the proper defendant(s) concerning the claimed deprivation of his Eighth Amendment right to adequate medical care.

4. State Law Medical Malpractice Claims

Finally, Plaintiff raises state law claims of medical malpractice. A medical malpractice claim is the only basis for which Dr. Kevin Kelly may be named because Plaintiff alleges no facts which indicate that Dr. Kelly contracts with the Tennessee Department of Corrections to provide care. "Private parties do not automatically become state actors simply by caring for prisoners." Phillips v. Tangilag, 14 F.4th 524, 533 (6th Cir. 2021).

Under 28 U.S.C. § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy....

Id.

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court

will dismiss the remaining state-law claims.  See Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.").  Because, as discussed above, the Court will allow Plaintiff to file an amended complaint, the Court will decide whether to exercise supplemental jurisdiction over state law claims after screening the amended complaint.

### III. Conclusion

Although, the Complaint is subject to dismissal because Plaintiff fails to allege personal involvement of any defendant in the alleged unconstitutional conduct, the Court will allow Plaintiff to file an Amended Complaint in response to this Order within **30 DAYS** of the entry of the Order. Plaintiff should provide as much detail as possible about the involvement of each individual defendant in the alleged unconstitutional conduct.

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension before this deadline expires), or failure to keep the Court apprised of his current address, will result in dismissal of this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE